## No. 650

### KNEALE v. JENNINGS et al

#### No. 18652. Supreme Court

Motion to require Cuyahoga Appeals to certify record. Docketed June 13, 1924. 2 Abs. 420. Mo. for injunction, ov. 2 Abs. 454.

**1065. SCHOOLS—Attempt to create a new district by transfer of one district to another.**

This action was begun in Cuyahoga Common Pleas, by Kneale as a tax payer of the Lyndhurst Village School District, to enjoin Jennings and others constituting the Cuyahoga Board of Education from putting into effect a resolution which had been adopted Feb. 9, 1924, uniting the village school districts of Lyndhurst and South Euclid into one school district. Upon reference by the Common Pleas, there was a finding of fact and law, by a referee, in favor of defendants, and this finding was affirmed by that court and subsequently by the Court of Appeals, where the case was heard on appeal. Petition in error was then filed in the Supreme Court.

The facts as set forth in the petition of Kneale show that the boundaries of the two districts are coterminus, and that each district maintains a good and adequate grade school therein, that the Cuyahoga County Board of Education adopted a resolution in which it was recited that it was impossible for either district "alone to organize an adequate public school program," that it would be "mutually advantageous" for both school districts if they were united, and resolving that all the teritory comprising each be "created" in a new school

## OHIO SUPREME COURT—Continued

district under the name of South Euclid Village School District.

That thereafter, within 30 days, a valid written remonstrance signed by a majority of the qualified electors of the Lyndhurst district was filed with the county board protesting against its proposed action.

That the action of the county board was taken without a petition from any of the residents of the two school districts or the respective boards of education.

It is claimed that the action of the county board did not constitute the creation of a new school district as authorized by 4736 GC., but was, as a matter of fact, an attempt to transfer the Lyndhurst district to the South Euclid district, as authorized by 4692 GC.

The claim is made that the action of the county board was a gross abuse of discretion and also that the law under which the county board assumed to act, 4763 GC., is unconstitutional inasmuch as it violates the "uniform operation" provision; that it delegates legislative authority to the county board of education; and that it violates the principle of due process of law.

Attorneys—Grosser, Bishop & Blythin, for Kneale; E. C. Stanton and E. J. Thobaden, for Jennings; all of Cleveland.